CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 15 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **DERRICK EDWARD LASTER,** | ) CASE NO. 7:14CV00117 |
| | ) |
| Petitioner, | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| **STANLEY YOUNG, WARDEN,** | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Respondent. | ) |

Derrick Edward Laster, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his confinement under the 2011 judgment convicting him of animate object sexual penetration. After review of the record in this case, as well as trial, habeas corpus, and appeal records provided from the state courts, the court concludes that respondent's motion to dismiss the petition as untimely filed must be granted.

## Background

A grand jury in the City of Salem returned an indictment on December 11, 2009 charging Laster with one count of animate object sexual penetration. (Case No. CR09000492-01.) Laster pleaded not guilty in the Circuit Court for the City of Salem and waived his right to a jury trial. After a bench trial on April 29, 2010, the Honorable Robert P. Doherty found Laster guilty as charged.

Before sentencing, Laster hired a new attorney who informed the court that Laster's first attorney had not conveyed a plea agreement to Laster before trial. Specifically, the Commonwealth had offered the opportunity for Laster to plead guilty to a lesser-included offense of aggravated sexual battery with a sentence of three years in prison with all but four months suspended. Judge Doherty conducted a hearing on the matter on July 30, 2012, ordered

counsel to brief the issue, and then conducted a second hearing on September 9, 2010. The trial attorney testified that he did not remember whether or not he conveyed the offer to Laster, but that throughout plea negotiations, Laster had maintained his innocence and said he would not "take a felony." Laster testified that he had told counsel he did not want a felony or any jail time, but that if counsel had told him about the plea offer, he would have accepted it. Although unable to find that Laster had proven beyond a reasonable doubt that his first attorney had failed to convey the plea offer to him, Judge Doherty gave Laster the benefit of the doubt, declared a mistrial, found that the original plea offer had been withdrawn by the Commonwealth, and recused himself from further proceedings. Laster did not appeal these rulings.

The Honorable Charles N. Dorsey presided over subsequent proceedings in the circuit court. Laster entered a plea of nolo contendre on November 4, 2010. Judge Dorsey convicted him of animate object penetration and sentenced him to thirty years in prison, with twenty years suspended. The judgment, dated January 3, 2011, was not appealed.[1]

On October 20, 2011, through new counsel, Laster filed a petition for a writ of habeas corpus in the circuit court. (Case No. 11-439.) Laster alleged that his attorney for the first trial was ineffective for not communicating the Commonwealth's plea offer to him. Judge Dorsey conducted an evidentiary hearing and thereafter granted respondent's motion to dismiss. After the United States Supreme Court issued two decisions with potential impact on this ruling — Lafler v. Cooper, __U.S.__, 132 S. Ct. 1376 (2012), and Missouri v. Frye, __U.S.__, 132 S. Ct.

---

[1] After entry of the judgment, an attorney named David B. Hargett purported to file motions on Laster's behalf to stay the sentencing order and to reinstate the original plea offer. Judge Dorsey did not find these motions to be properly filed and did not address them.

2

1399 (2012)[2] —.Judge Dorsey vacated his decision and conducted a second evidentiary hearing. Laster amended his petition to seek specific performance of the plea offer based on ineffective assistance of counsel. Ultimately, however, by order dated May 17, 2012, Judge Dorsey dismissed Laster's habeas petition. Specifically, Judge Dorsey found that he did not have jurisdiction to decide the petition, because Laster's detention was not the result of the first trial. In the alternative, Judge Dorsey found that although Laster had proven that counsel did not show him the plea offer, Laster had failed to show resulting prejudice, because he had not shown that the prosecutor would have kept the plea offer open or that the trial judge would have accepted the plea agreement. See Frye, supra; Lafler, supra; Strickland v. Washington, 466 U.S. 668 (1984) (requiring showings of deficient performance and prejudice to prevail on claim that counsel provided ineffective assistance).

The Supreme Court of Virginia granted Laster a habeas appeal. His assignments of error asserted that the circuit court abused its discretion by: (1) in determining that it did not have jurisdiction to reinstate the Commonwealth's original plea offer; (2) in determining that the plea offer may have been withdrawn by the Commonwealth; and (3) in determining that the court would not have accepted the plea offer of four months. (Record No. 121282.) On June 6, 2013, the Supreme Court of Virginia held that the circuit court did have jurisdiction to reach Laster's habeas claims; however, the Court denied relief upon finding that Laster had not proven

---

[2] In Lafler and Frye, both issued on March 21, 2012, the Supreme Court held that the Sixth Amendment right to effective assistance of counsel extends to plea negotiations. Frye, 132 S. Ct. at 1404-08; Lafler, 132 S. Ct. at 1384. The Court also held that a petitioner who proves that he rejected or did not learn of a plea offer because of counsel's deficient performance must also satisfy the prejudice prong of the ineffective-assistance-of-counsel test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The prejudice prong in this context requires petitioner to show a reasonable probability that: (1) petitioner would have accepted a plea offer but for counsel's ineffective assistance; (2) the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it; and (3) the plea would have resulted in a lesser charge or a lower sentence. Frye, 132 S. Ct. at 1409; Lafler, 132 S. Ct. at 1384-85.

3

prejudice under Strickland, because he had failed to demonstrate that the circuit court would have accepted the plea agreement and sentencing recommendation.[3] Laster v. Russell, 743 S.E.2d 272 (Va. 2013). The Court denied Laster's petition for rehearing on September 24, 2013.

Laster, by counsel, filed his § 2254 petition on February 14, 2014. Although Laster's petition does not list grounds for federal habeas relief, the attachment of his Supreme Court of Virginia habeas brief suggests that he intends to pursue here the same issues he raised in that Court. Respondent has filed a motion to dismiss the petition as untimely filed, to which Laster has responded, making the matter ripe for disposition.

## Discussion

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[4] Generally, this period begins to run from the date on which the judgment of conviction becomes final, when the availability of direct review is exhausted. See 28 U.S.C. § 2244(d)(1)(A). Under 28 U.S.C. § 2244(d)(2), however, the one-year filing period is tolled

---

[3] The Supreme Court of Virginia assumed without deciding that the prosecutor would have accepted the plea agreement, but the Court found that "Laster has presented no evidence that this particular plea offer was within the bounds of acceptable plea agreements in the jurisdiction, or that Judge Doherty had ever accepted similar plea agreements and sentences in other cases involving similar facts and charges. Laster, 743 S.E.2d at 277: The Court also noted that during the circuit court habeas proceedings, Judge Dorsey stated, "I cannot imagine that Judge Doherty, if the [plea] agreement had been presented to him before trial, would have accepted it." Id.

[4] Under § 2244(d)(1), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

while an inmate's "properly filed application for State post-conviction or other collateral review" is pending.

Laster's petition is clearly untimely under § 2244(d)(1)(A). His conviction became final, and his federal habeas time clock began to run, on February 2, 2011, thirty days after the circuit court entered its judgment. See Sup. Ct. Va. Rule 5A:6 (allowing 30 days from date of judgment to note an appeal). Laster then allowed 260 days of his one-year filing period to elapse before he stopped that clock under § 2244(d)(2) by filing his state habeas petition in the Circuit Court for the City of Salem on October 20, 2011. From that date until September 24, 2013, while the state habeas corpus proceedings were pending in the circuit court and the Supreme Court of Virginia, the federal filing period was tolled under § 2244(d)(2). Once the Supreme Court of Virginia denied Laster's petition for rehearing on September 24, 2013, however, the federal filing period started running again and expired on January 7, 2014. Laster did not file his federal petition until more than a month later, on February 14, 2014.

Laster argues that because his habeas claims rely on a right newly recognized by the Supreme Court in Lafler and Frye on March 21, 2012, this court should calculate his habeas filing period under § 2244(d)(1)(C) or (D) as beginning on that date. This argument has no merit.

Subsection 2244(d)(1)(C) authorizes a later start date for Laster's habeas filing period only if Lafler or Frye (i) created a "newly recognized" constitutional right (ii) on which Laster's habeas claims rely (iii) which was made retroactive to cases on collateral review. "These cases fail to warrant belated commencement under 28 U.S.C. § 2244(d)(1)(C) for newly recognized constitutional rights because Lafler and Frye simply discussed the constitutional right to effective assistance of counsel in the context of plea bargaining that defendants have enjoyed for

5

decades." Walker v. Hall, No. 1:11CV128, 2014 WL 7272812, at *11 (M.D.N.C. Dec. 18, 2014) (internal quotations omitted, citing many similar findings by other courts); see also In re Graham, 714 F.3d 1181, 1182 (10th Cir. 2013) ("[E]very circuit court to consider the question has held that Frye and Lafler do not establish a new rule of constitutional law."). Because neither Lafler nor Frye announced a newly recognized constitutional right, § 2244(d)(1)(C) does not provide a later date for calculating the limitations period for Laster.

Laster also fails to show timeliness under § 2244(d)(1)(D), which triggers the start of the filing period when a fact critical to the habeas claim could first have been discovered with due diligence. The Supreme Court's decisions in Lafler and Frye cannot serve as the factual, as opposed to the legal, predicate for Laster's claims within the meaning of subsection (D). See, e.g., Lo v. Endicott, 506 F.3d 572, 575-76 (7th Cir. 2007) (finding that state court decision establishing an abstract proposition of law arguably helpful to the petitioner's claim "does not make the decision a fact subject to proof or disproof" as necessary to constitute a factual predicate under § 2244(d)(1)(D)). Accordingly, Laster cannot show that Lafler or Frye provided a factual predicate necessary to his habeas claims so as to render those claims timely under § 2244(d)(1)(D).

Laster does not allege that his claims are timely under § 2244(d)(1)(B), based on removal of a constitutional impediment to filing. He also presents no ground on which equitable tolling of the federal filing period is warranted. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (holding that equitable tolling is available only in "those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result") (quotation marks omitted).

6

For the stated reasons, the court concludes that the motion to dismiss must be granted. Laster failed to file his petition within the time limits mandated by § 2244(d)(1) and fails to demonstrate any ground on which tolling is warranted.[5] An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 5th day of January, 2015.

/s/ Glen Conrad
Chief United States District Judge

---

[5] In any event, even if Laster could invoke tolling, he is not entitled to relief. When a state court has adjudicated and denied relief on petitioner's habeas claims, a federal court may grant habeas relief only if the state court's adjudication of that claim "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 403-13 (2000). The state court habeas records indicate that Laster had ample opportunity to develop the facts of his claims, the courts applied the well-established analysis in Strickland to those facts, and found that Laster was not prejudiced by counsel's failure to advise him of the plea offer before the first trial. Having reviewed those records, this court cannot find that the state courts' adjudication of his claims was legally or factually unreasonable. Accordingly, under § 2254(d), Laster is not entitled to federal habeas relief.

7